UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOY RAHAMAN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SPINE SPECIALIST OF MICHIGAN, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 22-cv-12349<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO (1) GRANT DEFENDANTS' MOTIONS TO SET ASIDE THE CLERK'S ENTRIES OF DEFAULT (ECF NOS. 21, 25), (2) DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 33), AND (3) DENY IN PART WITHOUT PREJUDICE DEFENDANT SPINE SPECIALIST OF MICHIGAN'S MOTION TO DISMISS (ECF NO. 22)**

### I.　　Introduction & Background

Plaintiff Joy Rahaman filed this action against Defendants Spine Specialist of Michigan (SSM) and Specialty Surgical Center (SSC) on October 4, 2022.  ECF No. 1; ECF No. 11; ECF No. 12.  Returns of service state that SSM and SSC were served on October 5, meaning that their responsive pleadings were due on October 26.  ECF No. 4.  Defendants did not answer or otherwise respond by that deadline, and the clerk entered defaults on October 27.  ECF No. 11; ECF No. 12.

Defendants move to set aside the clerk's entries of default, arguing that Rahaman did not properly serve them. ECF No. 21; ECF No. 25.[1] Rahaman moves for judgment on the pleadings based on defendants' failure to timely answer the complaint—which the Court construes as a motion for default judgment. ECF No. 33, PageID.1131-1136. And SSM moves in part to dismiss the case for insufficient service of process. ECF No. 22. The Honorable Judith E. Levy referred the motions to the undersigned under 28 U.S.C. § 636(b). ECF No. 27; ECF No. 32; ECF No. 34. The Court **RECOMMENDS** that defendants' motions to set aside the clerk's entries of default be **GRANTED**, Rahaman's motion be **DENIED**, and SSM's motion to dismiss be **DENIED IN PART WITHOUT PREJUDICE**.

II. Analysis

**A.**

When "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the

---

[1] Rahaman contends that SSM failed to seek concurrence on its motion, as required under Local Rule 7.1(a). ECF No. 29, PageID.343. But even if SSM did not seek concurrence, Rahaman cannot show prejudice since she opposes the motion. *See Spicer v. Michigan*, No. 2:19-cv-13718, 2021 WL 2823092, at *3 (E.D. Mich. July 7, 2021); *United States v. Nero*, No. 17-cr-20183-5, 2020 WL 7316108, at *2 (E.D. Mich. Dec. 11, 2020).

party's default." Fed. R. Civ. P. 55(a) (cleaned up). After default is entered, the district court may enter default judgment under Rule 55(b)(2). *State Farm Bank, F.S.B. v. Sloan*, No. 11-cv-10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011); *In re Loeb*, No. 06-CV-13743-DT, 2006 WL 3104598, at *2 (E.D. Mich. Oct. 31, 2006).

District courts also have discretion to set aside a clerk's entry of default on a showing of good cause. Rule 55(c). The Court must first consider whether Rahaman properly served defendants. *Adams v. Sunlighten Inc.*, 328 F.R.D. 477, 481 (W.D. Mich. 2018) (*citing O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003)). If she did not, the default must be set aside without reference to good cause. *Id.* If she did properly serve defendants, "then the Court must inquire as to whether good cause exists to set the default aside." *Id.*

To determine whether good cause exists, courts consider "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (cleaned up). Courts are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps," and enjoy "considerable

3

latitude" to set aside a default. *Id.* at 322 (cleaned up); *see also Tomlinson v. E. Recovery & Remediation Grp., LLC*, No. 15-13606, 2019 WL 1380313, at *2 (E.D. Mich. Mar. 27, 2019).

**B.**

Rahaman did not properly served defendants with the complaint. Under Rule 4(h), a plaintiff must serve a corporation[2]

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(e)(1) authorizes service by following state-law service methods. In Michigan, a plaintiff may serve a corporation by

> (1) serving a summons and a copy of the complaint on an officer or the resident agent; [or]
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation.

Mich. Ct. R. 2.105(D).

---

[2] SSM is a professional corporation, and SSC is a limited liability corporation. ECF No. 21-1, PageID.177; ECF No. 25-1, PageID.282.

Thus, under both Rule 4(h)(B) and Michigan Court Rule 2.105(D), Rahaman needed to serve an officer, resident agent, or other authorized agent. She did not do so. Michigan's Department of Licensing and Regulatory Affairs reports that Louis Radden, D.O., is SSM's resident agent and sole officer and that Frank Wenderski is SSC's resident agent. ECF No. 21-1, PageID.177; ECF No. 31-2. Radden is SSC's owner and operator. ECF No. 25-1.[3] Radden denies that he was served on behalf of SSM or SSC, and Wenderski denies that he was served on behalf of SSC. ECF No. 21-1, at PageID.174-175; ECF No. 25-1; ECF No. 25-2.

Rahaman claims that her sister served the summons and complaint on an SSM employee named Sharon McConnell and on an SSC employee named Monica Jackson. ECF No. 4; ECF No. 29, PageID.344-345. There is no dispute that McConnell and Jackson were front-desk receptionists at defendants' business offices. ECF No. 21, PageID.161; ECF No. 35-1; ECF No. 25, PageID.275; ECF No. 31-1; ECF No. 29, PageID.345. Service on those lower-level employees failed to comply with Rule 4(h) or Michigan Court Rule 2.105(D). *O.J. Distrib.*, 340 F.3d at 355-356 ("Service

---

[3] Rahaman contends that Radden is not SSC's resident agent and suggests that he falsified his affidavit. ECF No. 29, PageID.346; ECF No. 30, PageID.734. But Radden does not claim to be SSC's resident agent; his affidavit states that he is SSC's owner and operator. ECF No. 25-1.

5

of process was not effected inasmuch as Plaintiff failed to demonstrate that it served an 'authorized agent' by virtue of an unknown receptionist signing for the overnight package." (cleaned up)).

Rahaman's argument that a process server need not determine who may accept service misses the point.  ECF No. 29, PageID.345; ECF No. 30, PageID.733.  As the plaintiff, Rahaman had to "use due diligence before service of process to determine the proper agent and to conform to the requirements of [Rule 4(h)]."  *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. Feb. 11, 2004) (citing *Bachenski v. Malnati*, 11 F.3d 1371, 1376-77 (7th Cir. 1993)).  Rahaman has not shown that she exercised due diligence by explaining what steps she took to identify the agents authorized to accept service for defendants.

Citing *Clipper v. Frank*, Rahaman contends that McConnell and Jackson had apparent authority to accept service, as they "willingly accepted" the summons and complaint.  ECF No. 29, PageID.345; ECF No. 30, PageID.733.  In *Clipper*, a process server trying to serve the defendant's officer showed the summons and complaint to a secretary who wrongly claimed that she was authorized to accept the documents.  704 F. Supp. 285, 287 (D.D.C. 1989).  The court concluded that service was sufficient, reasoning that the "plaintiff should not be penalized for the

purportedly inaccurate representation by one of defendant['s] employees." *Id.* (cleaned up); *see also Wilen I.Y.M., L.C. v. Colter & Peterson, Inc.*, No. 98-Civ-2633, 1998 WL 1093900, at *2 (D.N.J. Sept. 23, 1998) (service on a secretary who allegedly claimed she was authorized to accept service was sufficient, as "the executives responsible for dealing with the summons and complaint promptly receive[d] notice of them"). But Rahaman does not assert that McConnell or Jackson said they were authorized to accept service. And "a failure to disavow authority to accept service of process, especially when one was never asked if she held such authority, does not demonstrate that one represented herself as having authority." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 66 (D.D.C. 2011).

Last, Rahaman incorrectly argues that the court in *Williams* denied the defendant's motion to dismiss and found that service was proper. ECF No. 29, PageID.346; ECF No. 30, PageID.734. The *Williams* court found that service on a legal secretary was insufficient. 782 F. Supp. 2d at 66. Noting that it lacked jurisdiction over the defendant and "ordinarily would be powerless to proceed with the case," the court nevertheless determined that it could transfer the matter to another venue. *Id.* at 67. Thus, *Williams* does not support Rahaman's position.

The Court concludes that the clerk's entries of default should be set aside because defendants were not properly served and that Rahaman's request for default judgment should be denied. *See Wilbourn v. Caravan Facilities Mgmt., LLC*, No. 20-cv-10766, 2020 WL 7041185, at *6 (E.D. Mich. Dec. 1, 2020) ("Because the Court grants Defendant's Motion to Set Aside Default, Plaintiff's motion for entry of default judgment [is] denied as moot." (cleaned up)).

### C.

SSM's motion to dismiss relies in part on Rule 12(b)(5), which addresses insufficient service of process. ECF No. 22, PageID.185-186. But "a motion to dismiss on the basis of improper service made during the period for service may properly be denied as premature." *King v. Taylor*, 694 F.3d 650, 661 (6th Cir. 2012); *see also Cincotta v. Hempstead Union Free Sch. Dist.*, No. 15-cv-4821, 2016 WL 4536873, at *6 (E.D.N.Y. Aug. 30, 2016) ("Until the time-limit for service set forth in Rule 4(m) has expired, a Rule 12(b)(5) motion for insufficient service of process is premature."). Rahaman's 90-day service period expires on January 2, 2023. Thus, SSM's motion to dismiss under Rule 12(b)(5) should be denied without prejudice. The Court does not address SSM's motion to dismiss under Rule 12(b)(6) for failure to state a claim, which remains pending.

### III.  Conclusion

The Court **RECOMMENDS** that defendants' motions to set aside the clerk's entries of default be **GRANTED** (ECF No. 21; ECF No. 25), that Rahaman's motion for default judgment be **DENIED** (ECF No. 33); and that SSM's motion to dismiss be **DENIED IN PART WITHOUT PREJUDICE** (ECF No. 22).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 30, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2022.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager