UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOY RAHAMAN,<br><br>Plaintiff,<br><br>v.<br><br>SPINE SPECIALISTS OF MICHIGAN, *et al.*,<br><br>Defendants. | Case No. 22-cv-12349<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

# REPORT AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE AND DENY DEFENDANT SPINE SPECIALISTS OF MICHIGAN'S MOTION TO DISMISS AS MOOT (ECF NO. 22)

## I.     Introduction & Background

Plaintiff Joy Rahaman filed this action against Defendants Spine Specialists of Michigan (SSM) and Specialty Surgical Center.  SSM moved to dismiss the case for insufficient service of process and failure to state a claim.  ECF No. 22.  The Honorable Judith E. Levy referred the motion to the undersigned under 28 U.S.C. § 636(b).  ECF No. 27.

In November 2022, the Court recommended that entries of default against defendants be set aside because service was defective.  ECF No. 39.  The Court also denied in part without prejudice SSM's motion to

dismiss for insufficient service, as the service period had not yet expired. *Id.* at PageID.1370.  It did not address whether Rahaman stated a viable claim.  *Id.*

Since the service period has now lapsed with no proof that Rahaman perfected service, the Court lacks personal jurisdiction over defendants and cannot adjudicate the merits of the claims.  *See Bird v. Parsons*, 289 F.3d 865, 872 (6th Cir. 2002) (a determination of personal jurisdiction over a defendant must occur before analyzing the merits of the case).  Thus, the Court **RECOMMENDS** that the case be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over defendants and that SSM's motion to dismiss be **DENIED** as moot.

II.   Analysis

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after filing the complaint.  If the plaintiff does not do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that [unserved] defendant or order that service be made within a specified time."  Rule 4(m).  If the plaintiff shows good cause for the failure, the Court must extend the time for service.  *Id.*; *see also In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003). "Without proper service of process, consent, waiver, or forfeiture, a court

may not exercise personal jurisdiction over a named defendant," and is "powerless to proceed to an adjudication." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (cleaned up).

The inadequacy of Rahaman's service was first raised on motion by SSM. The Court's November 2022 report and recommendation addressing that motion detailed the acceptable service methods and concluded that Rahaman failed to adhere to those procedures. ECF No. 39, PageID.1366-1370. The Court notified Rahaman in the report and recommendation that, because she filed her complaint on October 4, 2022, the deadline to serve defendants was January 2, 2023. *Id.* at PageID.1370.

Rahaman then improperly appealed the report and recommendation to the Sixth Circuit; the appeal was dismissed for lack of jurisdiction. ECF No. 43; ECF No. 48. Rahaman filed no objection under 28 U.S.C. § 636(b)(1) or Federal Rule of Civil Procedure 72(b)(2), though she was instructed on the procedure for doing so. ECF No. 39, PageID.1371-1372. And Rahaman has not cured the deficiency in her service, moved for an extension of time to perfect service, nor offered good cause for her failure to timely serve defendants. Under these circumstances, Rahaman had adequate notice. *See Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 235 (2d Cir. 2010) (district court did not err by failing to give

3

notice when the plaintiff knew that service was untimely and had an opportunity to argue good cause); *Siddhar v. Sivanesan*, No. 2:13-CV-747, 2014 WL 1653145, at *2 (S.D. Ohio Apr. 24, 2014), *adopted*, 2014 WL 2465201 (S.D. Ohio June 2, 2014) (finding that the court had given adequate notice and thus recommending dismissal based on defective service when plaintiff "ignored the Court's instruction as to the proper procedure for doing so" in an earlier report and recommendation).

Because Rahaman failed to perfect service within the allotted period, the Court should sua sponte dismiss the action without prejudice.

### III.   Conclusion

The Court **RECOMMENDS** that the case be **DISMISSED WITHOUT PREJUDICE** and that SSM's motion to dismiss be **DENIED** as moot (ECF No. 22).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 21, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 21, 2023.

                                                <u>s/Marlena Williams</u>
                                                MARLENA WILLIAMS
                                                Case Manager