UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

                Plaintiff,        Case No. 22-12349

v.                               Judith E. Levy
                                      United States District Judge
Spine Specialist of Michigan and
Specialty Surgical Center,       Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

**OPINION AND ORDER ADOPTING THE NOVEMBER 30, 2022 REPORT & RECOMMENDATION [39], REJECTING THE FEBRUARY 21, 2023 REPORT & RECOMMENDATION [51], AND RESOLVING PLAINTIFFS OBJECTIONS [41, 42, 52]**

This is one of several cases brought by Plaintiff Joy Rahaman related to her September 2016 car accident.[1] In this most recent iteration, Plaintiff, proceeding *pro se*, asserts twenty-two claims against Defendants Spine Specialist of Michigan ("SSM") and Specialty Surgical Center ("SSC"), which were involved in her treatment following the

---

[1] The Court previously dismissed two prior lawsuits brought by Plaintiff related to the same car accident. *See Rahaman v. State Farm Mut. Ins. Co.*, No. 22-10635, 2023 WL 5439212, at *1–10 (E.D. Mich. Aug. 23, 2023) (Levy, J.); *Rahaman v. Am. Connect Fam. Prop. & Cas. Ins.*, No. 20-11628, 2022 WL 4596305, at *1–8 (E.D. Mich. Sept. 30, 2022) (Levy, J.).

accident. (*See* ECF No. 1.) Below, the Court resolves all pending matters in this case and orders Plaintiff to properly serve Defendants by October 26, 2023.

## I. Background

On October 4, 2022, Plaintiff filed the complaint in this case. (*Id.*) On October 5, 2022, Plaintiff accompanied her sister, Joyce Richardson, in attempting to serve SSM and SSC. (*See* ECF No. 30, PageID.732.) They first drove to SSC's location at 2200 Greenfield Road, Oak Park, Michigan. (*See id.*; ECF No. 4, PageID.126.) At SSC, Richardson handed an envelope containing a copy of the summons and complaint to Monica Jackson, an employee of SSC.[2] (*See* ECF No. 30, PageID.732; ECF No. 31-1, PageID.1120.) Jackson asserts that she is "not an officer, managing or general agent, or agent authorized by appointment or law to receive service of process on behalf of Specialty Surgical Center." (ECF No. 31-1, PageID.1121.) Later that same day, Plaintiff and

---

[2] SSC and Plaintiff disagree about whether Richardson informed Jackson of the envelope's contents. Plaintiff claims that Jackson "was informed of what was in the envelope" and that Jackson "accepted it and was going to place it in the appropriate person[']s mailbox." (ECF No. 30, PageID.732.) Jackson states that "An envelope was dropped off to the front desk of Specialty Surgical Center but the individual delivering the envelope did not announce or otherwise indicate that she was serving a summons and complaint." (ECF No. 31-1, PageID.1120.)

2

Richardson proceeded to SSM's location at 32270 Telegraph Road, Bingham Farms, Michigan. (*See* ECF No. 29, PageID.345; ECF No. 4, PageID.127.) Richardson handed an envelope containing a copy of the complaint and summons to Sharon McConnell, a receptionist for SSM.[3] (*See* ECF No. 29, PageID.345; ECF No. 21, PageID.161.) SSM asserts that McConnell "is neither an officer of [SSM] nor its registered agent." (ECF No. 35, PageID.1301.) Richardson completed returns of service for SSC and SSM, which Plaintiff filed with the Clerk of this Court. (*See* ECF No. 4.) Plaintiff does not describe any other efforts to serve Defendants.

On October 20, 2022, counsel for SSM filed an appearance (ECF No. 8) but otherwise took no action. On October 27, 2022, Plaintiff requested that a Clerk's entry of default be entered against SSC and against SSM for failure to plead or otherwise defend. (ECF Nos. 9, 10.) The Clerk entered defaults against Defendants the same day. (ECF Nos. 11, 12.) Shortly thereafter, counsel for SSC filed appearances (ECF Nos. 13, 14), but took no further action. On October 28, 2022, Plaintiff

---

[3] As with SSC, SSM and Plaintiff disagree about whether Richardson informed McConnell of the contents of the envelope. (*Compare* ECF No. 21, PageID.161; ECF No. 35, PageID.1301; ECF No. 35-1, PageID.1307 *with* ECF No. 29, PageID.345.)

3

requested that the Clerk enter a default judgment against SSC and SSM for a sum certain.[4] (ECF Nos. 19, 20.)

Several hours after Plaintiff requested a default judgment, SSM filed a motion to set aside the Clerk's entry of default against it. (ECF No. 21.) On October 31, 2022, SSM filed a motion to dismiss and an answer to the complaint. (ECF Nos. 22, 23.) On November 2, 2023, SSC filed its own motion to set aside the Clerk's entry of default against it. (ECF No. 25.) Plaintiff filed responses opposing these motions (ECF Nos. 28–30), and Defendants filed corresponding replies. (ECF Nos. 31, 35, 36.) Plaintiff also moved to strike SSM's answer and requested that the Court grant her judgment on the pleadings. (ECF No. 33.) SSM opposed Plaintiff's motion. (ECF No. 38.)

The Court referred the pending motions to Magistrate Judge Elizabeth A. Stafford. (ECF Nos. 27, 32, 34.) On November 30, 2022, Judge Stafford issued a Report and Recommendation ("R&R") recommending that (i) Defendants' motions to set aside the Clerk's entries of default be granted, (ii) Plaintiff's motion be denied to the

---

[4] Plaintiff's initial requests for default judgment (ECF Nos. 15, 16) were denied because Plaintiff failed to attach an affidavit of sum certain to each of her requests. (ECF Nos. 17, 18.)

4

extent it sought entry of judgment on the pleadings, and (iii) SSM's motion to dismiss be denied in part without prejudice.[5] (ECF No. 39.) That same day, Judge Stafford also issued an order denying Plaintiff's motion to the extent it sought to strike SSM's answer.[6] (ECF No. 40.) Plaintiff timely filed objections to the November R&R and November Order.[7] (ECF Nos. 41, 42.) Defendants filed responses to Plaintiff's objections. (ECF Nos. 45–47.)

On February 21, 2023, Judge Stafford issued an additional R&R recommending that the Court dismiss this case without prejudice and deny SSM's motion to dismiss as moot.[8] (ECF No. 51.) Plaintiff again timely objected (ECF No. 52), and Defendants filed responses to those objections. (ECF Nos. 53, 54.)

---

[5] The Court refers to Judge Stafford's November 30, 2022 R&R as the "November R&R" throughout this opinion.

[6] The Court refers to Judge Stafford's November 30, 2022 order as the "November Order" throughout this opinion.

[7] Plaintiff also filed a notice of appeal (ECF No. 43), but the Sixth Circuit dismissed the appeal because it concluded that it lacked jurisdiction. (ECF No. 48.)

[8] The Court refers to Judge Stafford's February 21, 2023 R&R as the "February R&R" throughout this opinion.

## II. Legal Standard

With respect to dispositive motions, a party may object to a magistrate judge's report and recommendation, and the district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1)–(3). Additionally, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). With respect to non-dispositive motions, a party may object to a magistrate judge's order, and the district judge may modify or set aside any part of the order that is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Under either provision of Rule 72, objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects" and "(B) state the basis for the objection." E.D. Mich. LR 72.1(d)(1). "Objections that restate arguments already presented to the magistrate judge are improper, as are those that are vague and dispute the general correctness of the magistrate judge's order." *Howard v. Mackrel,* No. 19-11794, 2022 WL 1978750, at *2 (E.D.

6

Mich. June 6, 2022) (citations omitted). "[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Because Plaintiff is self-represented, the Court will construe her objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III. Analysis

#### A. The November R&R and the November Order

The Court first considers the November R&R (ECF No. 39), Plaintiff's objections to the November R&R and the November Order (ECF Nos. 41, 42), and the related motions. (ECF Nos. 21, 22, 25, 33.)

##### i. *Defendants' Motions to Set Aside the Clerks' Entries of Default*

In their motions to set aside the Clerk's entries of default, Defendants assert that Plaintiff failed to properly serve them and that,

7

even if service was proper, Defendants can demonstrate good cause to set aside the defaults. (*See* ECF No. 21, PageID.162–171; ECF No. 25, PageID.275–278.) In her November R&R, Judge Stafford concludes that Defendants were not properly served and that the Clerk's entries of default should therefore be set aside. (*See* ECF No. 29, PageID.1366–1370.) Plaintiff timely filed the following objections:

> OBJECTION #1
> . . . .
> Plaintiff objects to Grant Motion to Set Aside Default on behalf of Spine Specialist of Michigan because the Defendant made a timely appearance, . . . "but failed to plea or otherwise defend." The deadline to file an Answer was October 26, 2022. . . . The Defendant filed a Motion to Set Aside Default on October 28, 2022, . . . and filed his Answer on October 31, 2022.
>
> OBJECTION #2
> Plaintiff objects to Grant Motion to Set Aside Default on behalf of Specialty Surgical Center because it "failed to plea or otherwise defend and failed to make a timely appearance." The deadline to file an Answer was October 26, 2022. SSC made an Appearance on October 27, 2022. Exhibit E On November 2, 2022, SSC filed a Motion to Set Aside Judgment . . . . To date SSC have not filed an Answer.

(ECF No. 41, PageID.1377.)

8

Plaintiff's objections are improper. Both objections indicate only general disagreement with Judge Stafford's conclusions and restate arguments previously raised in Plaintiff's responses to Defendants' motions. (*Compare id. with* ECF No. 29, PageID.338–339; ECF No. 30, PageID.726–727.) Moreover, neither objection explains how Judge Stafford erred in concluding that service on Defendants was not properly effectuated and that the defaults must therefore be set aside.[9] Accordingly, Plaintiff's objections to the November R&R are overruled. The Court adopts the relevant portion of the November R&R and grants Defendants' motions to set aside the Clerk's entries of default.

### ii. *Plaintiff's Motion*

While styled as a motion to strike SSM's answer and affirmative defenses, Plaintiff's motion also requests "judgment on the pleadings" pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 33, PageID.1131–1135.) In her November R&R, Judge Stafford construes this portion of Plaintiff's motion as a motion for default judgment. (ECF No. 39, PageID.1364.) Because she concludes that service of Defendants

---

[9] To the extent Plaintiff asserts that the appearance filed by SSM's counsel on October 20, 2022 waived or forfeited SSM's service of process defense, that argument is without merit. *See King v. Taylor*, 694 F.3d 650, 660 n.7 (6th Cir. 2012); *cf. Blessing v. Chandrasekhar*, 988 F.3d 889, 899 (6th Cir. 2021).

9

was improper, Judge Stafford recommends that the Court deny Plaintiff's request for default judgment. (*Id.* (citing *Wilbourn v. Caravan Facilities Mgmt., LLC*, No. 20-CV-10766, 2020 WL 7041185, at *6 (E.D. Mich. Dec. 1, 2020)).) Plaintiff did not object to this recommendation. (*See* ECF No. 41.) Accordingly, the Court adopts the relevant portion of the November R&R and denies Plaintiff's motion to the extent it seeks a default judgment.

In her separate November Order, Judge Stafford denied the portion of Plaintiff's motion seeking to strike SSM's answer, affirmative defenses, and motion to dismiss because Plaintiff had not properly served SSM and the responsive pleading deadline had therefore not yet expired. (ECF No. 40, PageID.1373–1374.) Plaintiff timely filed the following objections:

> OBJECTION #1
> Pursuant to Fed. R. Civ. P. 12 (a)(l)(A) "A Defendant must serve an answer (i) within 21 days after being served with the summons and complaint."
> 1. Spine Specialist of Michigan refused to file a timely answer to the complaint.
> 2. They were served on October 5, 2022. . . .
> 3. Spine Specialist of Michigan made an Appearance in this court on October 20, 2022. . . .
> 4. The deadline for an Answer was October 26, 2022.

    5.    Spine Specialist of Michigan filed an Answer . . . and Motion to Dismiss . . . on October 31, 2022.

OBJECTION #2
1. Specialty Surgical Center
2. Specialty Surgical Center made an Appearance on October 27, 2022.

(ECF No. 42, PageID.1409.) Plaintiff's objections are improper and fail to articulate how Judge Stafford erred in denying that portion of Plaintiff's motion. Even if these objections were proper, they fail to demonstrate that Judge Stafford's decision was clearly erroneous. Accordingly, Plaintiff's objections to Judge Stafford's November Order are overruled.

### *iii. SSM's Motion to Dismiss*

In its motion to dismiss, SSM seeks relief under Federal Rule of Civil Procedure 12(b)(5) and (6). (*See generally* ECF No. 22.) Judge Stafford's November R&R addresses only SSM's arguments under Rule 12(b)(5), which concerns insufficient service of process. (ECF No. 39, PageID.1370.) As the time to serve SSM had not yet elapsed, the R&R recommends that the Court deny SSM's motion to dismiss under Rule 12(b)(5) without prejudice. (*Id.*) Neither SSM nor Plaintiff filed an objection to this recommendation. Because the Court concludes below

11

that an extension of the time to serve Defendants is appropriate, Judge Stafford's reasoning remains applicable to the current posture of the case. Therefore, the Court adopts the relevant portion of the November R&R and denies SSM's motion to dismiss pursuant to Rule12(b)(5) without prejudice.

### B. The February R&R

While the November R&R, the November Order, and Plaintiff's corresponding objections were still pending before the Court, Judge Stafford issued an additional R&R on February 21, 2023. (ECF No. 51.) In the February R&R, Judge Stafford recommends that the Court dismiss this case without prejudice under Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to serve Defendants within ninety days of filing the complaint. (*See id.* at PageID.1455–1457.) Judge Stafford also recommends that the Court deny SSM's motion to dismiss as moot. (*Id.* at PageID.1457.) As set forth below, the Court declines to adopt these recommendations.

The February R&R states, in relevant part:

> The inadequacy of [Plaintiff's] service was first raised on motion by SSM. The Court's November 2022 report and recommendation addressing that motion detailed the acceptable service methods and concluded that [Plaintiff]

12

> failed to adhere to those procedures. ECF No. 39, PageID.1366-1370. The Court notified [Plaintiff] in the report and recommendation that, because she filed her complaint on October 4, 2022, the deadline to serve defendants was January 2, 2023. *Id*. at PageID.1370.
>
> . . . . [Plaintiff] filed no objection under 28 U.S.C. § 636(b)(1) or Federal Rule of Civil Procedure 72(b)(2), though she was instructed on the procedure for doing so. ECF No. 39, PageID.1371-1372. And [Plaintiff] has not cured the deficiency in her service, moved for an extension of time to perfect service, nor offered good cause for her failure to timely serve defendants.

(ECF No. 51, PageID.1456.) In her second objection to the February R&R, Plaintiff correctly points out that she did timely file objections to the November R&R. (ECF No. 52, PageID.1461; *see also* ECF No. 41.) Given Judge Stafford relied at least in part on the erroneous conclusion that Plaintiff failed to object to the prior R&R, the Court construes Plaintiff's second objection as properly challenging Judge Stafford's recommendation to dismiss the case without prejudice under Rule 4(m). As such, the Court considers de novo whether dismissal under Rule 4(m) is appropriate or if Plaintiff should be given additional time to serve Defendants.

Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after

13

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the rule also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Generally, 'good cause' means 'a reasonable, diligent effort to timely effect service of process.'" *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021) (quoting *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004)). "Mere 'lack of prejudice and actual notice are insufficient,' as are '[m]istake of counsel or ignorance of the rules.'" *Id.* (alteration in original) (citation omitted). In general, good cause involves "something outside the plaintiff's control prevents timely service." *Savoie v. City of E. Lansing*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022). This includes when the defendant intentionally evades service, the court makes an error, or a *pro se* plaintiff suffers from a serious illness. *Id.*

"[A]bsent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). In determining

14

whether to grant a discretionary extension of time in the absence of good cause, a district court may consider:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569.

Given Plaintiff's failure to timely serve Defendants was entirely within her control, Plaintiff has not demonstrated good cause under Rule 4(m). *See Savoie*, 2022 WL 3643339, at *4. As a result, the Court considers whether an extension of time is nevertheless appropriate

under the *Oakland Physicians* factors. *See* 44 F.4th at 569. The first factor weighs against an extension because the deadline to timely serve Defendants was January 2, 2023—more than 260 days ago. The second and third factors weigh in favor of an extension as Defendants would not be prejudiced and already have actual notice of this case. The fourth factor is neutral as the Court cannot assess at this point whether dismissal would result in any of Plaintiff's claims being time-barred. Likewise, the fifth factor is neutral because, while Plaintiff made a good faith effort to serve Defendants immediately after the complaint was filed, she failed to correct the deficiencies identified by Judge Stafford in the November R&R. The sixth factor weighs in favor of an extension as Plaintiff is proceeding *pro se*. Finally, the Court finds that the unique circumstances of this case also weigh in favor of an extension. Plaintiff may have reasonably believed that Judge Stafford was incorrect in finding that service of Defendants was deficient and that she was not obligated to reattempt service until the Court ruled on her objections to the November R&R. Balancing these factors, the Court concludes that a brief extension is appropriate and will provide Plaintiff with an additional thirty days to serve Defendants.

In light of the Court's determination that an extension of the service period is appropriate, the Court will not adopt Judge Stafford's recommendation that the Court deny SSM's motion to dismiss as moot. (*See* ECF No. 51, PageID.1457.) However, as Judge Stafford points out in her February R&R (*id.* at PageID.1455 (citing *Bird v. Parsons*, 289 F.3d 865, 872 (6th Cir. 2002)), "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant. And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655 (citations omitted). Thus, a determination on SSM's motion to dismiss under Rule 12(b)(6) would be premature. Accordingly, the Court rejects the February R&R and denies the remaining portion of SSM's motion to dismiss without prejudice.

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections to Judge Stafford's November 30, 2022 Report and Recommendation (ECF No. 41) are OVERRULED. The November 30, 2022 Report and Recommendation (ECF No. 39) is ADOPTED. Defendants' motions to set aside the Clerk's entries of default (ECF Nos. 21, 25) are

GRANTED. Insofar as Plaintiff's motion (ECF No. 33) seeks a default judgment, the motion is DENIED. The portion of Defendant SSM's motion to dismiss (ECF No. 22) under Rule 12(b)(5) is DENIED WITHOUT PREJUDICE.

Plaintiff's objections (ECF No. 42) to Judge Stafford's November 30, 2022 order (ECF No. 40) denying the remaining portion of Plaintiff's motion (ECF No. 33) are OVERRULED.

Plaintiff's second objection to Judge Stafford's February 21, 2023 Report and Recommendation (ECF No. 52) is SUSTAINED. The February 21, 2023 Report and Recommendation (ECF No. 51) is REJECTED. The portion of Defendant SSM's motion to dismiss (ECF No. 22) under Rule 12(b)(6) is DENIED WITHOUT PREJUDICE.

Plaintiff must properly serve Defendants in full compliance with Federal Rule of Civil Procedure 4 and any applicable Michigan Court Rules by **October 26, 2023**.

IT IS SO ORDERED.

Dated: September 26, 2023　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 26, 2023.

                                                   s/William Barkholz
                                                   WILLIAM BARKHOLZ
                                                   Case Manager