UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

          Plaintiff,      Case No. 22-12349

v.                              Judith E. Levy
                              United States District Judge

Spine Specialist of Michigan and
Specialty Surgical Center,      Mag. Judge Elizabeth A.
                              Stafford

          Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS WITHOUT PREJUDICE [59, 60]

On September 26, 2023, the Court entered an opinion and order in this case resolving all pending matters and ordering Plaintiff Joy Rahaman to "properly serve Defendants in full compliance with Federal Rule of Civil Procedure 4 and any applicable Michigan Court Rules by October 26, 2023." (ECF No. 57, PageID.1576 (emphasis omitted).) On September 27, 2023, Plaintiff filed a waiver of service signed by Defendant Specialty Surgical Center ("SSC"). (ECF No. 58, PageID.1578.) On September 30, 2023, Plaintiff filed a motion for judgment on the pleadings and/or summary judgment as to Defendant

Spine Specialist of Michigan ("SSM"). (ECF No. 59.) Plaintiff also filed a motion for judgment on the pleadings and/or summary judgment as to SSC. (ECF No. 60.)

Plaintiff's motion with respect to SSM is procedurally improper and frivolous. In her motion, Plaintiff excerpts several purported emails between the parties. (*See* ECF No. 59, PageID.1584–1586.) On September 28, 2023 at 3:43 p.m., counsel for SSM emailed Plaintiff, stating: "Please let us know if you would like to request to waive service of a summons in this action." (*Id.* at PageID.1585.) Plaintiff responded to that email at 4:04 p.m. the same day and stated: "I would like to request a waiver of service of the summons in this action." (*Id.* at PageID.1586.) On September 29, 2023 at 10:43 a.m., counsel for SSM wrote: "We will sign the 'Waiver of the Service of Summons' form (AO 399) and send it to you within the next few days." (*Id.*) Nevertheless, Plaintiff filed this motion for judgment on the pleadings and/or summary judgment as to SSM on September 30, 2023, asserting that SSM "failed to provide the Plaintiff with the name, address, and phone number of their authorized agent

2

(4m), or a Waiver of Service form by Saturday" and that "SSM is trying to avoid service."[1] (*Id.* at PageID.1580.)

As an initial matter, Plaintiff's is not entitled to seek judgment on the pleadings or summary judgment because she has not yet served SSM or filed a waiver of service. Moreover, Plaintiff's assertion that SSM is evading service is without merit and contradicted by the email exchange discussed above. SSM has already indicated that they will send Plaintiff a waiver of service "within the next few days." (*Id.* at PageID.1586.) Plaintiff may not impose her own deadlines on SSM and then attempt to obtain a judgment against SSM based on those deadlines.[2] If SSM elects not to return the waiver and Plaintiff needs additional time to serve SSM, she may file a motion to extend the time to serve under Rule 4(m). Accordingly, Plaintiff's motion for judgment on the pleadings and/or summary judgment as to SSM is denied without prejudice.

---

[1] The Court notes that SSM disclosed its resident agent in prior filings in this case. (*See* ECF No. 21-1, PageID.177.)

[2] Under Rule 4(d), a notice and request for a waiver of service must "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F).

3

Plaintiff's motion with respect to SSC is also procedurally improper and frivolous. The waiver of service Plaintiff filed indicates that she sent the request for waiver to SSC on September 26, 2023. (ECF No. 58, PageID.1578.) Under Federal Rule of Civil Procedure 12(a)(1)(A)(ii), a defendant who "has timely waived service under [Federal] Rule [of Civil Procedure] 4(d)" must serve a responsive pleading "within 60 days after the request for a waiver was sent." As such, the deadline for SSC to file an answer or a motion under Rule 12 is Monday, November 27, 2023.[3] Moreover, a motion for judgment on the pleadings may only be made "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Because SSC has not filed an answer—and is not required to do so before November 27, 2023—the pleadings are not closed and Plaintiff's motion is premature.[4] Accordingly, Plaintiff's motion for judgment on the pleadings and/or summary judgment as to SSC is denied without prejudice.

---

[3] Because the 60 days for SSC to file a responsive pleading expires on Saturday, November 25, 2023, the deadline is automatically extended to "the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

[4] In her motion, Plaintiff indicates that she gave SSC "an opportunity to make an offer that would fully resolve the matter within the next 72 hours" and SSC did not respond. (ECF No. 60, PageID.1720.) But SSC's refusal to negotiate does not entitle Plaintiff to move for judgment on the pleadings or for summary judgment.

For the reasons set forth above, the Court DENIES Plaintiff's motions for judgment on the pleadings and/or summary judgment WITHOUT PREJUDICE. (ECF Nos. 59, 60.)

The Court warns Plaintiff that further frivolous motion practice may result in sanctions. Additionally, any further motion by any of the parties must comply with Eastern District of Michigan Local Rule 7.1(a).

IT IS SO ORDERED.

Dated: October 2, 2023       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager