## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Joy Rahaman,

                    Plaintiff,        Case No. 22-12349

v.                             Judith E. Levy
                               United States District Judge

Spine Specialists of Michigan and
Specialty Surgical Center,        Mag. Judge Elizabeth A. Stafford

                   Defendants.

_____/

### OPINION AND ORDER GRANTING DEFENDANT SPINE SPECIALISTS OF MICHIGAN'S MOTION TO DISMISS [63]

Before the Court is Defendant Spine Specialists of Michigan's ("SSM") renewed motion to dismiss Plaintiff Joy Rahaman's twenty-two-count complaint against it. (ECF No. 63.) For the reasons set forth below, the motion is GRANTED.

### I.    Background

The Court previously summarized the factual background of this case in its order granting Defendant Specialty Surgical Center's ("SSC")

motion to dismiss. (ECF No. 75, PageID.2231–2233.) The relevant procedural history is summarized below.

Plaintiff filed her complaint in this action on October 4, 2022. (ECF No. 1.) Counsel for SSM filed an appearance on October 20, 2022 (ECF No. 8) but otherwise took no action. Based on her purported service of SSM on October 5, 2024, Plaintiff requested that a Clerk's entry of default against SSM on October 27, 2024. (ECF No. 10.) The Clerk entered a default against SSM the same day. (ECF No. 11.) On October 28, 2022, Plaintiff requested that the Clerk enter a default judgment against SSM for a sum certain. (ECF No. 20.)

Several hours after Plaintiff requested a default judgment, SSM filed a motion to set aside the default entered against it. (ECF No. 21.) On October 31, 2022, SSM filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6) and an answer to the complaint. (ECF Nos. 22, 23.) Following several rulings by Magistrate Judge Elizabeth Stafford (ECF Nos. 39, 40, 51), the Court granted SSM's motion to set aside the default and denied SSM's motion to dismiss without prejudice. (ECF No. 57.)

On October 4, 2023, SSM executed a waiver of service, which had been sent by Plaintiff on September 28, 2023. (ECF No. 62.) On November 27, 2023, SSM filed a renewed motion to dismiss and an amended answer. (ECF Nos. 63, 65.) Plaintiff filed a response (ECF No. 69), and SSM filed a reply. (ECF No. 72.)

## II.   Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Because Plaintiff is proceeding *pro se*, the Court must construe Plaintiff's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Despite being "held to less stringent standards," *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

## III.   Analysis

### A.   Many of Plaintiff's Claims are Untimely

While SSM asserted the statute of limitations as an affirmative defense in its answer and amended answer (ECF No. 23, PageID.257; ECF No. 65, PageID.1963), it did not raise the issue in its motion to dismiss. (*See* ECF No. 63.) Nevertheless, the Sixth Circuit has repeatedly affirmed that a district court may raise a statute of limitations defense *sua sponte* if it clearly appears on the face of a pleading. *See, e.g.*, *Mischler v. Bevin*, No. 18-5665, 2019 WL 2644639, at *3 (6th Cir. May 8, 2019) (order); *Watson v. Wayne Cnty.*, 90 F. App'x 814, 815 (6th Cir. 2004); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002).

Accordingly, for the reasons set forth in the Court's prior opinion and order, Counts 3–6, 14, and 22 are dismissed as untimely. (ECF No. 75, PageID.2234–2241.)

### B.   Plaintiff's Remaining Claims Fail to State a Claim

In its motion, SSM asserts that Plaintiff's complaint fails to state a claim. (*See* ECF No. 63, PageID.1867–1894.) Although the Court previously addressed Plaintiff's remaining claims with respect to SSC alone, the complaint does not meaningfully distinguish between SSC and SSM. (*See, e.g.*, ECF No. 1, PageID.11–15.) Accordingly, for the reasons set forth in the Court's prior opinion and order, Counts 1, 2, 7–13, and 15–21 are dismissed for failure to state a claim. (ECF No. 75, PageID.2242–2255.)

### IV.   Conclusion

For the reasons set forth above, the Court GRANTS Spine Specialists of Michigan's renewed motion to dismiss. (ECF No. 63.)

IT IS SO ORDERED.

Dated: August 13, 2024                        s/Judith E. Levy
Ann Arbor, Michigan                         JUDITH E. LEVY
                                             United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 13, 2024.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager