UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

                Plaintiff,        Case No. 22-12349

v.                                   Judith E. Levy
                                     United States District Judge

Spine Specialists of Michigan and
Specialty Surgical Center,        Mag. Judge Elizabeth A. Stafford

              Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTIONS
FOR RELIEF FROM JUDGMENT [78, 79]**

On October 4, 2022, Plaintiff Joy Rahaman filed this action against Defendants Spine Specialists of Michigan ("SSM") and Specialty Surgical Center ("SSC"). (ECF No. 1.) On October 27, 2022, Plaintiff sought and received a Clerk's entry of default against both Defendants, asserting that Defendants were served on October 5, 2022. (ECF Nos. 9–12; *see also* ECF No. 4.) Defendants subsequently moved to set aside the Clerk's entries of default. (ECF Nos. 21, 25.) The Court referred the motions to Magistrate Judge Elizabeth A. Stafford, who recommended that the Court grant Defendants' motions to set aside because Defendants were

not properly served. (*See* ECF No. 39, PageID.1366–1371.) On September 26, 2023, the Court adopted Judge Stafford's recommendation and granted Defendants' motions to set aside the Clerk's entries of default. (ECF No. 57, PageID.1565–1567, 1575–1576.) Plaintiff did not file a motion for reconsideration of that order. *See* E.D. Mich. LR 7.1(h)(2) (requiring motions for reconsideration of non-final orders to be filed within 14 days).

SSC and SSM subsequently filed motions to dismiss. (ECF Nos. 63, 67.) On August 13, 2024, the Court granted Defendants' motions. (ECF No. 75, 76.) The Court entered final judgment that same day. (ECF No. 77.) Plaintiff did not file a timely motion to alter or amend the judgment. Fed. R. Civ. P. 59(e) (requiring such motions within "28 days after the entry of the judgment"). Plaintiff also did not file a notice of appeal, and the time to do so has now elapsed. Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

On October 4, 2024, Plaintiff filed two motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). In her

motions, Plaintiff "seeks to have the Plaintiff[']s prior request for Clerk's Entry of Default and request for Clerk's Entry of Default Judgment granted pursuant to Fed. R. Civ. P. 55(a)." (ECF No. 78, PageID.2264; ECF No. 79, PageID.2300.)

Rule 60(b)(3) "allows a district court to grant relief in cases of 'fraud . . . , misrepresentation, or misconduct by an opposing party.'" *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (quoting Fed. R. Civ. P. 60(b)(3)). This provision "clearly requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Id.* (alteration in original) (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *5 (6th Cir. Sept. 17, 1996)). In defining fraud in the context of a Rule 60(b)(3) motion, the Sixth Circuit has explained:

> Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment. Fraud thus includes "deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material."

*Id.* at 456 (citations omitted).

3

In her motions, Plaintiff asserts that "Dr. Louis Radden and Mr. Frank Wenderski made misrepresentations and produced fraudulent affidavits" in support of Defendants' motions to set aside the Clerk's entries of default. (ECF No. 78, PageID.2273; ECF No. 79, PageID.2309; *see also* ECF Nos. 22-1, 25-1, 25-2.) However, none of the statements Plaintiff identifies in her motions constitute misrepresentations or fraud. (*See* ECF No. 78, PageID.2270–2273; ECF No. 79, PageID.2306–2309.) While Plaintiff perceives certain statements by Dr. Radden and Mr. Wenderski as inconsistent, the Court finds that their statements are entirely consistent with their respective roles at SSC and SSM and with the undisputed facts regarding Plaintiff's attempts to effectuate service of process. (*See id.*; ECF No. 57, PageID.1560–1561 (describing Plaintiff's attempted service of process).) Plaintiff's attempts to relitigate service of process—more than a year after the Court resolved these issues and after Plaintiff failed to timely appeal—are without merit.

Accordingly, Plaintiff's motions for relief from judgment (ECF Nos. 78, 79) are DENIED.

IT IS SO ORDERED.

Dated: October 8, 2024         s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY

4

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 8, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager